IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maurice Graves, #208580, | ) | C/A No.: 1:12-3610-JFA-SVH |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Michael McCall, | ) | |
| Respondent. | ) | |

Maurice Graves ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring a response from Michael McCall ("Respondent").

I.    Factual and Procedural Background

Petitioner files an application for federal habeas relief pursuant to 28 U.S.C. § 2254. He challenges two separate state judgments, issued almost ten years apart.[1] Petitioner seeks federal habeas relief from a 1993 conviction and a 2003 conviction based, in part, on a recent Supreme Court decision, *Martinez v. Ryan*, ––– U.S. ––––, 132

---

[1] "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment of each court." Rule 2(e), Rules Governing Section 2254 Cases in District Courts.

S.Ct. 1309, 182 L.Ed.2d 272 (2012), which Petitioner relies on as "a new ruling." [Entry #1 at 11]. Because Petitioner fails to establish that this court has jurisdiction to consider his § 2254 petition, it is recommended that this matter be dismissed without prejudice.

A.    2003 Conviction

Petitioner was convicted by a jury of first degree burglary on November 19, 2003, in the Sumter County Court of General Sessions and was sentenced to life imprisonment without the possibility of parole. [Entry #1 at 1]. Petitioner filed a direct appeal, and his conviction was affirmed by the South Carolina Court of Appeals on August 17, 2005. *Id.* at 2; *see State v. Graves*, No. 2005-UP-489 (S.C. Ct. App. Aug. 17, 2005). Petitioner also filed an application for post-conviction relief ("PCR") in May 2006, claiming ineffective assistance of trial counsel, and after a hearing in which Petitioner was represented by counsel, the PCR action was dismissed on August 14, 2007. *Id.* at 7. Petitioner, represented by counsel, timely filed an appeal of the denied PCR action, and on December 17, 2008, the South Carolina Supreme Court denied the appeal.[2]  On February 27, 2009, Petitioner filed his first § 2254 habeas petition in this court, challenging his 2003 conviction for first degree burglary. *See Graves v. Padula*, C/A No. 3:09-540-PMD-JRM ("*Graves I*") (D.S.C. filed Feb. 27, 2009). After the respondent filed a return and motion for summary judgment, Petitioner filed a motion to voluntarily withdraw, and

---

[2] The instant petition is not clear about an appeal of the 2006 PCR action, so this information is taken from Petitioner's prior § 2254 habeas case in this court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) (judicial notice is often used in noticing the content of court records).

then a response in opposition to the motion for summary judgment. *Id.* On March 30, 2010, the motion to withdraw was denied, the motion for summary judgment was granted, and a certificate of appealability was granted on a specific issue relating to the ineffective assistance of trial counsel under *United States v. Cronic*, 466 U.S. 648 (1984). *Graves I* at Entry #31. In considering the issue on appeal pursuant to the certificate of appealability, the Fourth Circuit affirmed for the reasons stated by the district court. *See Graves v. Padula*, No. 10-6650, 2010 WL 3522006 (4th Cir. Sept. 10, 2010) (unpublished). The Fourth Circuit also dismissed in part by denying the motion to expand the certificate of appealability and dismissing the appeal. *Id.*

Petitioner now files a second federal petition for writ of habeas corpus pursuant to § 2254, in which he attempts to challenge his 2003 conviction for first degree burglary by raising eight grounds regarding the ineffectiveness of his PCR counsel "in light of *Martinez v. Ryan*." [Entry #1 at 17–23]. Petitioner requests that this court "review" his PCR counsel for his 2003 conviction "under the standards of *Martinez v. Ryan*." [Entry #1 at 14].

      B.    1993 Conviction

For the first time in a federal habeas petition, Petitioner challenges a conviction imposed in the Sumter County Court of General Sessions on December 13, 1993. [Entry #1 at 1]. A recent South Carolina Supreme Court decision, provided by Petitioner as an attachment to the petition, summarizes the state court procedural history for Petitioner's 1993 conviction, as follows:

3

> In 1993, petitioner was indicted for murder and robbery. He pled guilty to voluntary manslaughter and strong arm robbery. He was sentenced to twenty years' imprisonment. No direct appeal was taken. In 1994, petitioner filed an application for post-conviction relief (PCR), which was dismissed. Petitioner filed a second PCR application in 2000 . . . . The matter was called for a hearing, at which time the petitioner withdrew the application. An order was issued dismissing the application with prejudice. Petitioner filed a third PCR application in May 2010 . . . .

[Entry #1-8 at 1–2]. Petitioner's 2010 PCR application claimed the right to a belated appeal of Petitioner's 1994 PCR action based on ineffective counsel, and it was dismissed as successive and untimely. *Id.* The South Carolina Supreme Court dismissed Petitioner's appeal, finding that the belated appeal claim was successive because Petitioner could have raised the claim in his 2000 PCR action. *Id*. Petitioner also added the issue of actual innocence in his appeal, which the court dismissed as successive and untimely. *Id*.

Petitioner filed the current § 2254 habeas petition on December 19, 2012, and subsequently amended his petition on March 1, 2013. [Entry # 9]. Petitioner contends that the "one year statute of limitations doesn't bar my petition," on the grounds that he "is raising his claim under belated appeal, actual innocense, prosecutorial misconduct, and raising several issues under the scope of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)." [Entry #1 at 13]. Petitioner requests this court "grant the right to appeal Petitioner['s] '1994' application." [Entry #1 at 14].

4

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F.Supp.2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Petitioner's current § 2254 petition presents a successive challenge to his 2003 conviction.[3] Under limitations established by the AEDPA, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner contends that a recent Supreme Court case entitles him to a review of his claims of ineffective assistance of PCR counsel, citing *Martinez v. Ryan*, ––– U.S. ––––, 132 S.Ct. 1309, 1315 (2012) (The Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial."). Petitioner's reliance on new law from the United States Supreme Court falls within the purview of 28 U.S.C. § 2244(b)(2)(A), which is determined by the appeals court. 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). This court is precluded from considering Petitioner's successive challenge to his 2003 conviction without authorization from the Fourth Circuit.

---

[3] If the second or subsequent petition is a second attack on the same conviction, and the first petition was adjudicated to finality on the merits, the subsequent petition is successive. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). Petitioner's first § 2254 petition was considered on the merits and denied. *Graves v. Padula*, No. 10-6650, 2010 WL 3522006 (4th Cir. Sept. 10, 2010) (unpublished).

6

Petitioner also fails to establish this court's jurisdiction over his challenge to his 1993 conviction. The Supreme Court has long held that the "in custody" requirement of 28 U.S.C. § 2254(a) is jurisdictional, and requires that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The Fourth Circuit has noted that "*Maleng* recognized that although a petitioner is subject to the 'collateral consequences' of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he 'suffers no present restraint from a conviction' and therefore is not in custody after fully serving his sentence." *Wilson v. Flaherty,* 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Maleng v. Cook,* 490 U.S. at 492). Petitioner is currently serving a life sentence from his 2003 conviction, and the petition does not establish that Petitioner was in custody under the 1993 conviction at the time he filed the instant § 2254 action in December of 2012. Therefore, this court does not have subject matter jurisdiction over Petitioner's challenge to his 1993 conviction, because he is not "in custody" under his 1993 conviction as required by § 2254(a).

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without requiring a response from Respondent.

IT IS SO RECOMMENDED.

March 22, 2013                                        Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).