UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maurice Graves, | ) | C/A No. 1:12-3610-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Maurice Graves, brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions and sentences from 2003 and 1993.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation suggesting that the petition is successive and that it should be summarily dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has previously raised a challenge to his state conviction in *Graves v. Padula* (C/A No. 3:09-540-PMD-JRM), wherein that court granted summary judgment to the respondent, and granted a certificate of appealability on a specific issue relating to ineffective assistance of counsel. The Report sets forth in detail the relevant facts and standards of law

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he has timely done so.

As an initial matter, the Magistrate Judge correctly opines that the claims raised in the present petition are successive. The petitioner concedes that has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. Thus, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

The petitioner does, however, object to the Magistrate Judge's suggestion that this court is without jurisdiction to hear a challenge to his 1993 conviction. As the Magistrate Judge properly reasons, because the petitioner is serving a life sentence from his 2003 conviction and his petition does not establish that he was in custody under the 1993 conviction at the time he filed the instant § 2254 petition in December 2012, this court does not have subject matter jurisdiction over the petitioner's 1993 challenges because he is not "in custody" as is required by § 2254(a).

The Supreme Court has held that the "in custody" requirement of § 2254(a) is jurisdictional, and requires that the petitioner be in custody under the conviction or sentence under attack at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Further, the Fourth Circuit Court of Appeals has noted in *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012), that while a petitioner may be subject to the collateral

consequences of a prior conviction (here, the 1993 conviction), he suffers no present restraint from the conviction and therefore is not in custody after fully serving his sentence. In other words, it is because of the second conviction in 2003, and not the 1993 conviction, that the petitioner is incarcerated and "in custody."

Petitioner objects to the Magistrate Judge's reliance on *Maleng*, contending that he is raising a "belated appeal" issue regarding his 1993 conviction, and not an issue being raised for the first time in any proceeding which would require he be "in custody" for that conviction. Petitioner contends that he is raising an ineffective assistance of PCR counsel claim for failing to file a notice of appeal in his 1994 PCR application. In that case, petitioner filed a PCR application in 2010 claiming that he had a right to a belated appeal of his 1994 PCR application (stemming from the 1993 conviction) due to ineffective assistance of counsel. The South Carolina Supreme Court dismissed the 2010 PCR, finding that the belated appeal claim was successive and untimely.

This court finds the petitioner's arguments unpersuasive.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

3

§ 2253(c)(2).[2]

      IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
July 29, 2013                                                     United States District Judge
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

4